M. Greg Mullanax, SBN 155138
greg@lawmgm.com
Law Office of M. Greg Mullanax
2140 N. Winery Avenue, Suite 101
Fresno, CA 93703
(559) 420-1222
(559) 354-0997 fax

Attorney for Plaintiffs,
Frederick (Ric) Schiff, *et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Frederick (Ric) Schiff; Glenn Brakel; Alice Dicroce; Brian Greer; Clayton Harmston; Steven Haskell; Micah Hope; Daniel Kelly; Alexander Lentz; Brandon McKelley; Gerald Newbeck; David O'Keeffe; and Thomas Walsh, | Case No. |
| Plaintiffs, | **Complaint for Damages, Injunctive and Equitable Relief, and Attorneys' Fees Under:** |
| v. | 1. **42 U.S.C. § 1981;**<br>2. **42 U.S.C. § 1983;**<br>3. **42 U.S.C. § 1985;**<br>4. **42 U.S.C. § 2000e;** *et seq.*<br>5. **U.S. Const. Amends. V & XIV;**<br>6. **Cal. Gov't Code § 12940,** *et seq.*;<br>7. **Cal. Const. Art, I, § 31.** |
| **City and County of San Francisco; San Francisco Police Department; San Francisco Police Commission; San Francisco Civil Service Commission; San Francisco Department of Human Resources; London Breed**, individually and in her official capacity as Mayor, CCSF; **Mark Farrell**, individually and in his official capacity as former Mayor, CCSF; **Greg Suhr**, individually and in his official capacity as former Chief of Police, SFPD; **William (Bill) Scott**, individually and in his official capacity as Chief of Police, SFPD, and **DOES 1-20**, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiffs allege:

## INTRODUCTION

1.     Plaintiffs, all San Francisco Police Department employees who were passed over for promotions by lower-scoring candidates, file this lawsuit to address SFPD's obscure and biased promotional process. SFPD has a pattern of promoting lower-scoring candidates over higher-scoring candidates when promoting candidates to Sergeant, Lieutenant and Captain. A disturbing pattern emerges

from SFPD's promotional scheme because it shows that lower-scoring African-American and female candidates are the primary beneficiaries of SFPD's illegal promotion process.

2.      Others have acknowledged SFPD's flawed promotional process. For example, in July 2016, The Blue Ribbon Panel on Transparency, Accountability, and Fairness in Law Enforcement issued a report concluding, among other things, that the absence of rules governing the selection of promotional candidates and the discretion held by the Chief, along with the lack of programs offering support to those seeking promotions, raises the likelihood of bias or favoritism in promotional decisions. The Blue Ribbon Panel further concluded that the SFPD should create and implement transparent hiring and promotional processes and criteria.

3.      The United States Department of Justice, Office of Community Oriented Policing Services ("COPS Office"), reported in its October 2016 Assessment of the SFPD that the promotion process is not transparent. The COPS Office further found that this lack of transparency created a distrust in segments of the SFPD. The COPS Office recommended that SFPD increase the promotional process' transparency and should clearly outline the qualifications required to advance for promotion.

4.      The San Francisco Police Officers Association ("POA") has contacted SFPD Chief Scott, the San Francisco Civil Service Commission and the Equal Employment Opportunity Division of the Department of Human Resources on different occasions raising POA members' concerns about the promotion process, but the POA never received any substantive responses. Not only that, some of those passed over for promotion met with Chief Scott to discuss the issue, but none of them received a substantive answer or response to their questions and concerns.

5.      All outreaches by plaintiffs and others on their behalf have been rebuffed or ignored and morale is suffering. It is in this pernicious atmosphere of confusion, obfuscation and blatant discrimination that compelled plaintiffs to file this lawsuit.

## Jurisdiction

6.      This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1331 because this lawsuit arises under the laws of the United States, including 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. 2000e, *et seq*., and the 5th and 14th Amendments to the U.S. Constitution.

7.      The Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C.

§ 1367(a) in that they are part of the same case or controversy and derive from a common nucleus of operative fact.

<strong>Venue</strong>

8.      Venue is proper in the Northern District of California because the defendants either reside, or are doing business in the Northern District, or are subject to personal jurisdiction there as provided in 28 U.S.C. § 1391(c). Further, all the events or omissions set forth in this Complaint occurred in the Northern District. 28 U.S.C. § 1391(b)(2).

<strong>Parties</strong>

<strong>Plaintiffs</strong>

9.      **Plaintiff Ric Schiff** is a 59-year-old white male and is a Patrol Lieutenant with the San Francisco Police Department currently assigned to the Ingleside Station. He resides in California. Schiff has been employed full-time with the SFPD since July 1, 1985. Schiff is currently ranked number 12 on the City's current Captain's promotional list (900532 CBT Discrete). Because Schiff's seniority would currently entitle him to full benefits, Lt. Schiff effectively works for the City for free while he continues to seek promotion to Captain. In fact, Lt. Schiff loses money because while he still seeks promotion to Captain, he must forgo any post-employment opportunities that would otherwise be available to him. Schiff was passed over because he is a white male. Schiff has exhausted his administrative remedies by receiving right-to-sue letters from the United States Equal Opportunity Employment Commission ("EEOC"), the California Department of Fair Employment and Housing ("DFEH"), and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

10.     **Plaintiff Glenn Brakel** is a white male patrol officer with the SFPD and is assigned to the Central Station. Brakel resides in California. Brakel has been employed full-time with the SFPD since June 25, 2007. Brakel took the 2017 Sergeant's examination. Brakel is currently ranked number 98 on the City's current Sergeant's promotional list (901237 CBT Discrete). Brakel was passed over because he is a white male. Brakel has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

11.    **Plaintiff Alice Dicroce** is a white female lesbian Sergeant in investigations and was last assigned to the Bayview Station. Dicroce resides in California. Dicroce was employed by SFPD since June 1, 1998 but retired in November 2018. Dicroce is currently ranked number 21 on the City's current Lieutenant's promotional list (901238 CBT Discrete). Dicroce was passed over because she is a white lesbian. Dicroce has exhausted her administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

12.    **Plaintiff Brian Greer** is a white male patrol Sergeant and is assigned to the Southern Station. Greer resides in California. Greer has been employed by the SFPD since October 31, 2005. Greer is currently ranked number 17 on the City's current Lieutenant's promotional list (901238 CBT Discrete). Greer was passed over because he is a white male. Greer has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

13.    **Plaintiff Clayton Harmston** is a white male Sergeant and is assigned to the investigation team at Northern Station. Harmston resides in California. Harmston has been employed by the SFPD since February 14, 2000. Harmston is currently ranked number 19 on the City's current Lieutenant's promotional list (901238 CBT Discrete). Harmston was passed over because he is a white male. Harmston has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

14.    **Plaintiff Steven Haskell** is a white male patrol officer and is assigned to the Southern Station. Haskell resides in California. Haskell has been employed by the SFPD since June 25, 1995. Haskell is currently ranked number 54 on the City's current Lieutenant's promotional list (901238 CBT Discrete). Haskell was passed over because he is a white male. Haskell has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

15.     **Plaintiff Micah Hope** is a white male patrol officer and is assigned to the Central Station. Hope resides in California. Hope has been employed full-time with the SFPD since December 6, 2007. Hope took the 2017 Sergeant's Examination. Hope is currently ranked number 44 on the City's current Sergeant's promotional list (901237 CBT Discrete). Hope was passed over because he is a white male. Hope has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

16.     **Plaintiff Daniel Kelly** is a white male patrol officer and is assigned to the Southern Station. Kelly resides in California. Kelly has been employed full-time with the SFPD since October 1, 2012. Kelly is currently ranked number 91 on the City's current Sergeant's promotional list (901237 CBT Discreet). Kelly was passed over because he is a white male. Kelly has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

17.     **Plaintiff Alexander Lentz** is a white male officer and is assigned to Internal Affairs (Criminal). Lentz resides in California. Lentz has been employed with the SFPD since August 23, 2010. Lentz is currently ranked number 53 on the City's current Sergeant's promotional list (901237 CBT Discrete). Lentz was passed over because he is a white male. Lentz has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

18.     **Plaintiff Brandon McKelley** is a white male patrol officer and is assigned to the Southern Station. McKelley resides in California. McKelley has been employed with the SFPD since May 19, 2008. McKelley is currently ranked number 49 on the City's current Sergeant's promotional list (901237 CBT Discrete). McKelley was passed over because he is a white male. McKelley has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

19.     **Plaintiff Gerald Newbeck** is a white male patrol Lieutenant and is assigned to the Mission Station. Newbeck resides in California. Newbeck has been employed by the SFPD since June 28, 1999. Newbeck is currently ranked number 35 on the City's current Lieutenant's promotional list (901238 CBT Discrete). Newbeck was passed over for promotion on the first promotional round of appointments in October 2017. Newbeck was passed over because he is a white male. Newbeck has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

20.     **Plaintiff David O'Keeffe** is a white male patrol officer and is assigned to the Southern Station. O'Keeffe resides in California. O'Keeffe has been employed by the SFPD since January 26, 2009. O'Keefe is currently ranked number 95 on the City's current Sergeant's promotional list (901237 CBT Discrete). O'Keeffe was passed over because he is a white male. O'Keeffe has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

21.     **Plaintiff Thomas Walsh** is a white male Sergeant assigned to the investigation team at Central Station. Walsh has been employed by the SFPD since March 25, 1996. Walsh is currently ranked number 18 on the City's current Lieutenant's promotional list (901238 CBT Discrete).  Walsh was passed over because he is a white male. Walsh has exhausted his administrative remedies by receiving right-to-sue letters from the EEOC and DFEH and filed a claim with the City under Cal. Gov't Code §§ 900, *et seq.*, and received a rejection of that claim from the City within six months of the filing of this complaint.

### Defendants

22.     **Defendant City and County of San Francisco**, ("City") was and is a municipal corporation, created under article IX of the California Constitution and existing under the laws of the State of California.  The City operates the SFPD, which is a local law enforcement agency. Defendant City and County of San Francisco may be served by delivering a copy of the summons and complaint to the Office of the Clerk of the Board of Supervisors, 1 Dr. Carlton B. Goodlett Place, City Hall, Room 244, San Francisco, CA 94102, phone (415) 554-5163.

23.     **Defendant San Francisco Police Department** is a local law enforcement and crime-suppression agency established under Section 4.127 of the Charter of the City and County of San Francisco. Defendant SFPD may be served by delivering a copy of the summons and complaint to the Office of the Clerk of the Board of Supervisors, 1 Dr. Carlton B. Goodlett Place, City Hall, Room 244, San Francisco, CA 94102, phone (415) 554-5163.

24.     **Defendant San Francisco Police Commission** is an agency established under Section 4.109 of the Charter of the City and County of San Francisco whose mission is to set policy for the Police Department and to conduct disciplinary hearings on charges of police misconduct filed by the Chief of Police or Director of the Department of Police Accountability, impose discipline in such cases as warranted, and hear police officers' appeals from discipline imposed by the Chief of Police. Defendant San Francisco Police Commission may be served by delivering a copy of the summons and complaint to the Office of the Clerk of the Board of Supervisors, 1 Dr. Carlton B. Goodlett Place, City Hall, Room 244, San Francisco, CA 94102, phone (415) 554-5163.

25.     **Defendant San Francisco Civil Service Commission** is an agency established under Section 10.100 of the Charter of the City and County of San Francisco that, among other things, provides rules and policies interpretation, reviews and audits merit-based system operations, approves contracting-out based on the scope of services, conducts training and outreach on the merit-based system and adopts rules, policies and procedures applications, examinations, eligibility, duration of eligible lists and promotions. Defendant San Francisco Civil Service Commission may be served by delivering a copy of the summons and complaint to the Office of the Clerk of the Board of Supervisors, 1 Dr. Carlton B. Goodlett Place, City Hall, Room 244, San Francisco, CA 94102, phone (415) 554-5163.

26.     **Defendant San Francisco Department of Human Resources** is an agency established under Section 10.102 of the Charter of the City and County of San Francisco that, among other things, administers the City's civil service system, ensures equal employment opportunities for employees. SFDHR is supposed to promote diversity, fairness and equity. Defendant San Francisco Department of Human Resources may be served by delivering a copy of the summons and complaint to the Office of the Clerk of the Board of Supervisors, 1 Dr. Carlton B. Goodlett Place, City Hall, Room 244, San Francisco, CA 94102, phone (415) 554-5163.

27.     **Defendant London Breed** is the current Mayor of the City and County of San Francisco and has been Mayor since she was elected in June 2018. Defendant Breed is being sued individually and in her official capacity as Mayor. Defendant Breed may be served by delivering a copy of the summons and complaint to Mayor London Breed, City Hall, Room 200, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102, phone (415) 554-6141.

28.     **Defendant Mark Farrell** is a former Mayor of the City and County of San Francisco having served as Mayor from January 23, 2018 to July 11, 2018. Defendant Farrell is being sued individually and in his official capacity as Mayor. Defendant Farrell may be served by delivering a copy of the summons and complaint to Mark Farrell, Thayer Ventures Management, 25852 McBean Parkway, Suite 508, Valencia, California 91355, phone (415) 782-1414.

29.     **Defendant Greg Suhr** was the Chief of the SFPD from 2011 to May 2016 and was the person responsible for making selections from the SFPD Sergeant's, Lieutenant's, and Captain's promotional lists up to the date of his resignation in May 2016. Defendant Suhr is being sued individually and in his official capacity as SFPD Chief. Defendant Suhr may be served by delivering a copy of the summons and complaint to Greg Suhr, 2029 14th Avenue, San Francisco, CA 94116.

30.     **Defendant William Scott** has been the Chief of the SFPD since January 2017 and was the person responsible for making selections from the SFPD Sergeant's, Lieutenant's, and Captain's promotional lists, from the date of his appointment in 2017 to present. Defendant Scott is being sued individually and in his official capacity as SFPD Chief. Defendant William Scott may be served by delivering a copy of the summons and complaint to him at SFPD Headquarters, 1245 3rd Street, San Francisco, CA 94158, phone (415) 837-7000.

## Common Allegations

31.     The allegations set forth above in paragraphs 1 through 30, inclusive, are incorporated herein by reference as if set forth here in full.

32.     In 1973, the Officers for Justice, a black police officers' association within the SFPD brought a class-action against the SFPD alleging discrimination based on race and sex. *See Officers for Justice v. Civil Service Comm'n*, 473 F. Supp. 801 (N.D. Cal. 1979), *aff'd* 688 F.2d 615 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983). In that case, the court issued preliminary relief against the City and ordered

1  quotas for the hiring and promotion of minority and female officers. The case was eventually settled by

2  way of a consent decree.

3     33.     In an effort to comply with the Consent Decree in the *Officers for Justice* case and

4  eliminate adverse impact against minorities resulting from the City's promotional examinations to the

5  position of Sergeant, Inspector, Lieutenant, and Captain, the City implemented a "banding" procedure to

6  be used on SFPD promotional lists.

7     34.     Under banding "the City [treats] scores that fall within a statistically derived 'band' as

8  substantively equivalent for purposes of the knowledge, skill, and abilities measured by the examination."

9  *Officers for Justice v. Civil Service Comm'n of the City and County of San Francisco*, 979 F.2d 721, 722 (9th

10  Cir. 1992). "The City propose[d] to use banding. . . to promote a higher percentage of minority officers. . .

11  than would be promoted under a strict rank order system." *Id.* at 723.

12     35.     "The 'band' is a statistically-derived confidence range that is to be applied to the

13  examination results. Difference in scores within the band are to be considered statistically insignificant

14  due to measurement error inherent in scoring the examinations. The City treated scores within the band

15  as identical for purposes of promotion eligibility. For those within the same band, the City would then

16  consider secondary criteria, not measured by the examination, in selection candidates for promotion." *Id.*

17     36.     How the "banding" procedure worked was that the applicants for promotion would be

18  ranked in a promotional list based on their scores on the promotional examinations. The City would then

19  create a "band" whereby applicants for a position would be considered statistically equal. And the City

20  would ostensibly make promotions based on "secondary criteria" which would include things like

21  education, training, assignments, disciplinary history, and commendations and awards. The City used

22  banding in order to promote a higher percentage of minority and female officers than would be promoted

23  under a strict rank-order system. In reality, banding was a way of race-norming the promotional

24  examination results.

25     37.     But while the Consent Decree ended in 1998, the City's practice of banding on SFPD

26  promotional examinations continues in almost identical form to this day. In *Officers for Justice*, the court

27  held that "the consent decree itself provided a proper rationale for race-conscious promotions and serves

28  as a valid defense against the [POA's] reverse discrimination arguments." *Id.* at 727.  But because of the

1    termination of the Consent Decree in 1998, it is no longer a proper rationale for race-conscious

2    promotions made under a banding scheme.

3         38.     Aside from the race-based quotas in the Consent Decree, the City—to this day—has a

4    longstanding practice and custom of discriminating against white males in SFPD promotions to the rank of

5    Sergeant, Lieutenant and Captain. For example, in 1983, the City gave an examination for Inspector and

6    Sergeant. The examinations were in three parts: a multiple-choice test measuring technical knowledge and

7    problem-solving; a writing skills test; and an oral test measuring ability to communicate, interpersonal

8    qualities and supervisory abilities.  The Civil Service Commission set weights for the examination

9    components as follows: For the multiple-choice portion, 45% for Inspectors and 41% for Sergeants, written

10   communications, 29% for each rank; oral examination 26% for Inspectors and 30% for Sergeants.

11        39.      When the examinations were graded and weighed according to this formula, there was a

12   substantial adverse impact against protected class candidates (minorities) in both examinations.

13        40.     In June 1984, on the recommendation of the City Attorney, the Civil Service Commission

14   revised the weights it gave the three parts in such a way that a larger number of minorities and women

15   ranked in the top group. The Police Officers Association objected to the use of the revised weights and

16   made the contention that the reweighting was designed to discriminate against white males. Specifically,

17   the City decided to weight the oral portion of the examination at 100%, while the written and multiple-

18   choice portions of the exam were weighted as zero percent.

19        41.     Judge Peckham granted summary judgment for the City in that case, holding that the

20   rescoring of the promotional examinations complied with the City's obligations under the Consent

21   Decree. But the Ninth Circuit reversed holding that the City violated the Consent Decree when it

22   arbitrarily changed weighting to the detriment of the non-protected class males who took the test and were

23   passed over by discriminatory weighing and subsequent promotions. *San Francisco Police Officers Ass'n v.*

24   *City and County of San Francisco*, 869 F.2d 1182 (9th Cir. 1988).

25        42.     The Consent Decree ended in 1998. But the City's practice of "banding" as a tool to

26   alleviate adverse impact on promotional examination lists continues unabated. As another examination of

27   the City's custom and practice of discriminating against while males in SFPD promotions, on the City's

28   2000 Lieutenant's examination (which plaintiff Ric Schiff took), the City promoted all five blacks within

the band on the same day prompting three race discrimination suits by 12 sergeants on that list. In discovery, two Deputy Chiefs of the SFPD (Rick Bruce and Greg Suhr) testified that the promotions of all five blacks in the band was made under a "deal" negotiated by former Chief Fred Lau, the Officers for Justice, and the Police Officers Association, to promote all five blacks on the same day. The City settled the three race discrimination suits for $1.6 million in 2006. *See Schiff v. City and County of San Francisco*, 2007 WL 2301733 at 2 (N.D. Cal. Aug. 8, 2007).

43.   Another example of a long-standing custom and practice to use banding to discriminate against white males on promotional lists occurred on the City's 2007 Captain's list of 48 persons. Lieutenants Thomas Buckley and Heinz Hofmann were passed over after having ranked nos. 16 and 20 respectively.

44.   Because of an alleged adverse impact against blacks and Asians on the 2007 Lieutenant's List, the City decided to use the selection tool of Rule of 5 scores for the first 11 approved hiring requisitions (to rank 15). Thereafter a sliding band of 45 points was used starting with rank 16.  Candidates 1 through 15 were not selected under the Rule of 5 scores, with those considered in the band.

45.   Because no blacks or Asians on the 2007 Captain's List were reachable under the Rule of 5 scores, they each had to be selected from within the band.

46.   When making promotions from within the band, the City skipped over Buckley and Hofmann and promoted three blacks ranked nos. 20, 21 and 26, and two Asians ranked nos. 23 and 28 to Captain. It is not a coincidence that the three blacks from the 2000 Lieutenants List were three of the five blacks promoted on the same day that was the subject of the 2002 Schiff lawsuit referenced above. Both Hofmann and Buckley were objectively more qualified, based on secondary criteria, than any blacks or Asians promoted below them from the 2007 List.

47.   The City settled the Hofmann case in 2015 after losing motions to dismiss and a motion for summary judgment. *See Hofmann v. City and County of San Francisco*, No. 11-cv-4016-CW (N.D. Cal.) (Docket Nos. 37 and 118). In the litigation, the City refused to state the reasons for using the Rule of 5 scores and band selection procedure, speciously claiming that the decision to do so (rather than communications regarding the decision) were privileged.

48.   **Sergeant's List**: On August 9, 2017 the City created a Sergeant's eligibility list. In order

1    to increase the number of blacks and women reachable for appointment on the List, the City used the

2    selection procedure of "Rule of 10", which allows the City to move 10 ranks down the list from the last

3    person selected.

4         49.    The City's promotion from the from the 2017 Sergeant's list, shows the following

5    breakdown by race:



50.    The selections from the Sergeant's promotional list reveal that white officers were passed

over at a rate of nearly 3 to 1, as compared to black officers. Put in its most stark terms, white officers

comprised 63.5% of the total candidate pool (combining both promotional rounds) but accounted for only

46% of candidates selected in total, as compared to the 100% success rate for black officers.

51.    These statistics do not tell the entire story. The pattern of racial preference is confirmed

by the numerical distance in rank order between more qualified candidates who scored significantly better

than black officers. In both promotional rounds, black officers were selected from the very bottom of the

list, for example, numerical candidates number 156 and 157. Arguably, their promotions were given at the

expense of white male candidates who scored 39 and 44 on the exam. Given that the total number of

1  promotions was 121, six black officers scored below that number and would not have received promotions.

2  San Francisco's Civil Service mandates a meritorious system and a discrimination-free promotional

3  process. Clearly that is not the reality. (One black officer candidate was omitted from this data because he

4  was ineligible for promotion during these rounds.)

5      52.      Sergeant promotions by gender:



53.      Two females were passed over in the first round of promotions to Sergeant. A 91% success

rate meant that 21 out of 23 female candidates received promotions. That phenomenal promotion rate was

exceeded in the second round of promotions when both females, in addition to all other female candidates

in the selection pool, were given promotions. The combined promotion rate for females in both rounds

was 100%. All eligible females received promotions. The corresponding promotional rate for males is 50%

combined for both promotional rounds, half of the percentage success rate for females.  Eight females

scored below the total number of positions available (121), one as low as 23 rank positions down the list,

yet all were awarded Sergeant's positions.

54.      **Lieutenant's List**: In 2016, the SFPD administered a Lieutenant's promotional

examination. The resulting eligibility list was adopted on January 12, 2017. In order to increase the number

of blacks and women reachable for appointment on the List, the City used the selection procedure of

"Rule of 10", which allows the City to select from 10 ranks down the list from the last person selected.

55.     The City's promotion from the from the 2016 Lieutenant's list, shows the following

breakdown by race:



56.     While the total number of promotions for the Lieutenant's list was nearly one-third of the

Sergeant's, the same practice of racial discrimination can clearly be seen. Ultimately, every black Sergeant

on the list (who was eligible), received a promotion. That's a 100% success rate which, to accomplish,

required that candidates be selected from the very bottom of rank order in comparison.

57.     Thirty positions were filled in the first round of promotions. Three black officers were

selected from below the thirtieth candidate, from ranks number 33, 37 and 45. Only 1 black officer scored

above 30. Somehow these three Sergeants were more qualified than the 12 Sergeants with superior scores

at ranks number 12, 14, 16, 17, 19, 20, 21, 22, 23, 24, 26, 29 and 32. Of the 12 Sergeants passed over in the

first round, 11 were white. The final black candidate was picked up in the second round, as were numerous

other minorities. Of the 11 candidates that were passed over, nine were white males, one Hispanic male

and one Asian male. (One black officer candidate was omitted from this data because he was ineligible for

promotion during these rounds.)

58.     Lieutenant promotions by gender:



59.     During the first round of Lieutenant promotions, 5 females were selected from below the thirtieth candidate. The lower most score was number 52. Once again, somehow a female 22 positions down the list, who in rank order would not have received a promotion based on merit, received a first-round promotion. In fact, four of the 12 females promoted would not have received jobs had not a gender oriented promotional process been utilized. Seven males were passed over for promotion so the Police Department could accomplish its gender biased agenda, including males at rank order 17, 19, 20, 21, 22, 26, 29, 38 and 43.

60.     **Captain's List**: In 2015, the SFPD administered a Captain's promotional examination. In order to increase the number of blacks and women reachable for appointment on the List, the City used the selection procedure of "Rule of 10", which allows the City to move 10 ranks down the list from the last person selected.

61.     Plaintiff Schiff ranked number 12 on the list. On the first round of promotions, the first 10 positions were filled in relative rank order. The next two persons, a white female (no. 20 in rank order), and a black male (no.25 in rank order), were promoted out of rank order.

62.     On the second round of promotions, made on October 22, 2017, Schiff was passed over a second time. Of the next nine appointments, four were in relative rank order, with two candidates "tying" with Schiff (one a black male). The next five promotions were made by passing over Schiff for an Asian

male (no. 16 in rank order), a white female (no. 23 in rank order), a black female (no. 24 in rank order), a white male (no. 23 in rank order), and a black female (no. 25 in rank order).

63.  On the third round of promotions, made on November 17, 2018, Schiff was again passed for promotion. Of the six Lieutenants promoted to Captain, the racial and gender breakdown was a white female (no. 17 in rank order), a black male (no. 18 in rank order), a Hispanic male (no. 19 in rank order), a white female (no. 30 in rank order), a Hispanic male (no. 31 in rank order), and an Asian male (no. 36 in rank order).

64.  In rank order and based on merit, Lieutenant Schiff should have at least received a promotion in the second round. As a result of the Department's race and gender biased promotional process achieved through the use of Rule of 10, Schiff was passed over for promotion to benefit a minimum of 11 minorities, ranking as much as 26 rank order positions below him on a Civil Service list.

65.  The City's 2017 Sergeant's List, the 2017 Lieutenant's List, and the 2015 Captain's list are all still active, and all plaintiffs are currently fully eligible to be selected from their respective list.

66.  Defendants Civil Service Commission ("SFCSC") and Department of Human Resources ("SFDHR") failed to enforce their own rules regarding promotions by allowing Defendants Scott and Suhr to make promotions based on race rather than on the results of exam scores and the secondary criteria, which is supposed to be job related. Michael Brown, Executive Officer of the SFCSC, says on the Civil Service Commission's website:

> "The Commission's goal is to consistently provide the best qualified candidates for public service in a timely and cost effective manner.  It is our goal and policy of the Civil Service Commission to provide fair treatment of applicants in all aspects of employment without regard to race, religion, national origin, ethnicity, age, disability, gender identity, political affiliation, sexual orientation, ancestry, marital or domestic partnership status, parental status, color, medical condition, and otherwise prohibited nepotism or favoritism." [1]

67.  The SFCSC also has rules that codify Mr. Brown's sentiment. For example, Rule 203.2 governing SFPD says:

> It is the policy of the Civil Service Commission of the City and County of San Francisco that all persons shall have equal opportunity in employment; that selection of employees to positions within the Service be made on the basis of merit; and that continuing programs be

[1] https://sfgov.org/civilservice/about-us

maintained to afford equal employment opportunities at all levels. Vigorous enforcement of the laws against discrimination shall be carried out at every level of each department. All persons shall have equal access to employment and the terms, conditions and privileges of employment within the City and County, limited only by their ability to do the job.

No person in the Classified Service or seeking admission thereto, shall be appointed, reduced, removed, or in any way favored or discriminated against in employment or opportunity for employment because of race, sex, sexual orientation, gender identity, political affiliation, age, religion, creed, national origin, disability, ancestry, marital status, parental status, domestic partner status, color, medical condition (cancer-related), ethnicity or the conditions Acquired Immune Deficiency Syndrome (AIDS), HIV, and AIDS-related conditions or other non-merit factors or any other category provided by ordinance.

68.     The San Francisco Police Commission oversee SFPD and the Department of Police Accountability. The Commission allowed the other defendants to violate local, state and federal laws prohibiting racial and gender discrimination in promotions. On January 9, 2019, Chief Scott appeared before the Police Commission to testify about the promotion process. In his testimony, Chief Scott essentially read from SFPD Department Bulletin 19-003, entitled "The Sworn Promotional Process." Chief Scott said the process is designed to be transparent, fair and free of bias. Regarding the "secondary criteria" component of the promotion scheme, it discussed that the secondary criteria is composed of job-related qualifications such as education and experience. There was a discussion of the Rule of 10, which Chief Scott said was designed give "a wider range of candidates to pull from" and gives a "larger candidate pool." This is simply an attempt to allow bias to creep into promotional decisions, and to discount merit-based criteria such as test scores and secondary criteria. The Commission has allowed a promotional process that obviously considers race and gender in promotional decisions.

69.     These and other state and federal laws that prevent racial and gender discrimination in the workplace were violated in the promotional process with nary a word from defendants.

70.     Defendants Breed and Farrell failed to take action, under the City's own rules, when they allowed Defendants Scott and Suhr to make promotions based on race and gender rather than on the results of exam scores and the secondary criteria, which is supposed to be job related.

## FIRST CAUSE OF ACTION
### (Damages and Injunctive Relief under 42 U.S.C. § 1981)
### (Against all Defendants)

71.     Plaintiffs repeat, reallege and incorporate herein by this reference all prior allegations.

72.     By doing the things and causing the harms alleged herein, Defendants discriminated against Plaintiffs based on their race, gender and ethnicity, thereby subjecting them to a deprivation of their rights to the full and equal benefit of the laws and proceedings for the security of persons and property as is enjoyed by other citizens giving rise for a claim for relief under 42 U.S.C.§ 1981.

73.     As a direct and proximate result of the City's actions, Plaintiffs continue to suffer substantial economic damages, including but not limited to loss of pay, employment benefits, promotional opportunities, loss of time and expenditure of resources in qualifying themselves for promotion in the SFPD, and loss of their ability to use their talents, energies and resources for their own best use. The full extent of Plaintiffs' economic damages is not known at this time. Plaintiffs will amend this complaint to set forth the full nature and extent of his damages once they are ascertained with particularity.

74.     As a direct and proximate result of Defendants' actions, Plaintiffs have and continue to suffer serious injury, including but not limited to, extreme mental anguish, extreme embarrassment, extreme humiliation, anxiety and emotional distress. The full extent of Plaintiffs' emotional distress injuries is not known at this time. Plaintiffs will amend this complaint to set forth the full nature and extent of his damages once they have been ascertained with particularity. Plaintiffs have no plain, speedy, or adequate remedy at law, and for that reason, seeks an order enjoining Defendants from continuing to discriminate against them and ordering Defendants to place Plaintiffs in the next available position on their respective promotion lists with the SFPD.

### SECOND CAUSE OF ACTION
**(Damages and Injunctive Relief under 42 U.S.C. § 1983)**
**(Against Defendant City & County of San Francisco and SFPD for Injunctive Relief, and Against Defendants Suhr and Scott for Damages)**

75.     Plaintiffs repeat, reallege and incorporate herein by this reference all prior allegations.

76.     By doing the things and causing the harms alleged herein, Defendants acted under color of state law and subjected Plaintiffs to a violation of rights, privileges, or immunities secured by the Constitution and laws of the United States, including but not limited to, the right to due process and equal protection under the laws under the Fourteenth Amendment to the United States Constitution, without regard to their ethnicity, race or descent. Said deprivation of rights give rise to a claim of relief under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION
**(Damages and Injunctive Relief under 42 U.S.C. § 1985)**
**(Against Defendant City & County of San Francisco and SFPD for Injunctive Relief, and Against Defendants Suhr and Scott)**

77.     Plaintiffs repeat, reallege and incorporate herein by this reference all prior allegations.

78.     By doing the things and causing the injury alleged herein, Defendants conspired to, and did subject Plaintiffs to a deprivation of equal protection of the laws, or of equal privileges and immunities under the laws, and/or conspired to, and did, prevent the constituted authorities of the state from giving or securing to Plaintiffs the equal protection of the laws giving rise to relief pursuant to 42 U.S.C. § 1985.

### FOURTH CAUSE OF ACTION
**(Damages and Injunctive Relief Pursuant to Civil Rights Act of 1964 (42 U.S.C. § 2000e))**
**(Against Defendants City & County of San Francisco and SFPD)**

79.     Plaintiffs repeat, reallege and incorporate herein by this reference all prior allegations.

80.     By doing the things and causing the injury alleged herein, Defendants discriminated against Plaintiffs in compensation, and/or the terms, conditions, or privileges of employment because of race, ethnicity, gender or ancestry giving rise to relief pursuant to 42 U.S.C. § 2000e.

### FIFTH CAUSE OF ACTION
**(Damages and Injunctive Relief Pursuant to Cal. Gov't Code § 12940.)**
**(Against Defendants City & County of San Francisco and SFPD)**

81.     Plaintiffs repeat, reallege and incorporate herein by this reference all prior allegations.

82.     By doing the things and causing the injury alleged herein, Defendants are discriminating against Plaintiffs and all other persons similarly situated in compensation, and/or the terms, conditions, or privileges of employment because of race, ethnicity, or ancestry giving rise to relief pursuant to Cal. Gov't Code§ 12940(a)

### SIXTH CAUSE OF ACTION
**(Damages and Injunctive Relief Under Cal. Const. Art. I, § 31)**
**(Against all Defendants)**

83.     Plaintiffs repeat, reallege and incorporate herein by this reference all prior allegations.

84.     By doing the things and causing the harms alleged herein, Defendants subjected Plaintiffs, and all other persons similarly situated, to a violation of their rights to be free from racial discrimination in public employment secured by Article I, section 31 of the California Constitution.

### Seventh Cause of Action
**(Declaratory Relief Pursuant to 28 U.S.C. §§ 2201-2202)**
**(Against all Defendants)**

85.     Plaintiffs repeat, reallege and incorporate herein by this reference all prior allegations.

86.     An actual controversy now exists between Plaintiffs and Defendants as to whether the Defendants violated Plaintiffs rights under the Fourteenth Amendment to the United States Constitution, 42, U.S.C. § 1981, Title VII, FEHA, and Prop. 209.

87.     The parties require a judicial declaration of rights in order to determine the legality of Defendants' reliance on race, ethnicity, and/or descent in determining which candidates to award employment to the positions of Sergeant, Lieutenant and Captain in the SFPD in the future. Unless the Court issues a declaration, there will continue to be a controversy as to whether Defendants' selection procedures comport with the limitations set forth in the United States Constitution, the Civil Rights Act of 1964, and other applicable federal and state laws. In addition, numerous future claims of a similar nature are likely to arise and require judicial resolution. By issuing a declaration of rights at this time, the Court will conserve judicial resources and provide guidance to the parties, and to others who are similarly situated as to the legality of defendants selection process and criteria used by defendants in the selection of candidates for promotions to the positions of Sergeant, Lieutenant and Captain with the SFPD.

WHEREFORE, Plaintiffs request the following relief:

**As to the First Cause of Action**:

88.     A declaration that the Defendants discriminated against Plaintiffs, and all persons similarly situated, based on their race, thereby subjecting them to a deprivation of rights to the full and equal benefit of the laws and proceedings for the security of persons and property as is enjoyed by other citizens and declaring that the City and SFPD's Sergeant, Lieutenant, and Captain selection procedures violate the rights of Plaintiffs, and all persons similarly situated to be free from racial discrimination in employment, under 42. U.S.C. § 1981.

89.     General, compensatory, and special damages, including but not limited to loss of earnings, loss of earning capacity, back pay, front pay and loss for injury due to emotional distress with prejudgment interest thereon.

90.     An order enjoining Defendants from continuing to discriminate against Plaintiffs and

1   ordering the City of San Francisco to immediately instate them to the positions with the SFPD from the

2   promotional lists on which each Plaintiff appears.

3   **As to the Second Cause of Action:**

4   91.   A declaration that the Defendants acted under color of state law and discriminated against

5   Plaintiffs, and all persons similarly situated, based on their race, ethnicity, and gender thereby subjecting

6   them to a deprivation of their rights and declaring that the City and SFPD's Sergeant, Lieutenant, and

7   Captain selection procedures violate the rights of Plaintiffs, and all persons similarly situated to equal

8   protection of the laws and due process of law under the Fourteenth Amendment to the United States

9   Constitution.

10   92.   General, compensatory, and special damages, including but not limited to loss of

11   earnings, loss of earning capacity, back pay, front pay and loss for injury due to emotional distress with

12   prejudgment interest thereon.

13   93.   Punitive Damages against Defendants Suhr and Scott.

14   94.   An order enjoining Defendants from continuing to discriminate against Plaintiffs and

15   ordering the City of San Francisco to immediately instate them to the positions with the SFPD from the

16   promotional lists on which each Plaintiff appears.

17   **As to the Third Cause of Action:**

18   95.   A declaration that the Defendants acted under color of state law and conspired to

19   discriminated against Plaintiffs, and all persons similarly situated, based on their race and ethnicity,

20   thereby subjecting them to a deprivation of his rights and declaring that the City and SFPD's Sergeant,

21   Lieutenant, and Captain's selection procedures violate the rights of Plaintiffs and all persons similarly

22   situated to equal protection of the laws under the Fourteenth Amendment to the United States

23   Constitution.

24   96.   General, compensatory, and special damages, including but not limited to loss of

25   earnings, loss of earning capacity, back pay, front pay and loss for injury due to emotional distress with

26   prejudgment interest thereon.

27   97.   Punitive Damages against Defendants Suhr and Scott.

28   98.   An order enjoining Defendants from continuing to discriminate against Plaintiffs and

ordering the City of San Francisco to immediately instate them to the positions with the SFPD from the promotional lists on which each Plaintiff appears.

**As to the Fourth Cause of Action:**

99.     A declaration that the Defendants discriminated against Plaintiffs and all persons similarly situated, based on their race, thereby subjecting them to a deprivation of his rights and declaring that the City and SFPD's Sergeant, Lieutenant, and Captain's selection procedures violate the rights of Plaintiffs, and all persons similarly situated to be free from racial discrimination in employment, under Title VII.

100.     General, compensatory, and special damages, including but not limited to loss of earnings, loss of earning capacity, back pay, front pay and loss for injury due to emotional distress with prejudgment interest thereon.

101.     Punitive damages.

102.     An order enjoining Defendants from continuing to discriminate against Plaintiffs and ordering the City of San Francisco to immediately instate them to the positions with the SFPD from the promotional lists on which each Plaintiff appears.

**As to the Fifth Cause of Action:**

103.     A declaration that the Defendants discriminated against Plaintiffs, and all persons similarly situated, based on their race, thereby subjecting them to a deprivation of their rights and declaring that the City and SFPD's Sergeant, Lieutenant, and Captain's selection procedures violate the rights of Plaintiffs, and all persons similarly situated to be free from racial discrimination in employment, under FEHA.

104.     General, compensatory, and special damages, including but not limited to loss of earnings, loss of earning capacity, back pay, front pay and loss for injury due to emotional distress with prejudgment interest thereon.

105.     An order enjoining Defendants from continuing to discriminate against Plaintiffs and ordering the City of San Francisco to immediately instate them to the positions with the SFPD from the promotional lists on which each Plaintiff appears.

**As to the Sixth Cause of Action:**

106.     A declaration that the Defendants discriminated against Plaintiffs and all persons similarly

1   situated, based on their race and/or gender, thereby subjecting them to a deprivation of their rights and

2   declaring that the City and SFPD's promotional selection procedures violate the rights of Plaintiffs, and

3   all persons similarly situated to be free from racial discrimination in public employment, under

4   Proposition 209.

5        107.    General, compensatory, and special damages, including but not limited to loss of

6   earnings, loss of earning capacity, back pay, front pay and loss for injury due to emotional distress with

7   prejudgment interest thereon.

8        108.    An order enjoining Defendants from continuing to discriminate against Plaintiffs and

9   ordering the City of San Francisco to immediately instate them to the positions with the SFPD from the

10   promotional lists om which each Plaintiff appears.

11   **As to the Seventh Cause of Action**:

12        109.    A declaration that Defendants' Sergeant, Lieutenant, and Captain's selection procedures

13   violated the right of Plaintiffs, and all similarly situated persons to equal protection of the laws and due

14   process of law under the Fourteenth Amendment to the United States Constitution and, and to be free

15   from discrimination in public employment under Title VII, 42 U.S.C. section 1981, FEHA and

16   Proposition 209.

17   **As to all Causes of Action:**

18        110.    An award of costs, including attorneys' fees under to 42 U.S.C., section 1988, California

19   Government Code section 12940, California Code of Civil Procedure § 1021.5, and other relevant

20   provisions of law;

21        111.    Such other and further relief the Court finds just and proper.

22

23   ### DEMAND FOR JURY TRIAL

24        112.    Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and

25   demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

26

27

28

1

2     Dated:    June 11, 2019                          LAW OFFICE OF M. GREG MULLANAX

3

4                                        By:

5                                              M. Greg Mullanax
                                               Attorney for Plaintiffs,
6                                              Ric Schiff, *et al.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28