# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FREDERICK SCHIFF, ET AL.,** | CASE NO. 19-cv-03260-YGR |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS CERTAIN CLAIMS; SETTING CASE MANAGEMENT CONFERENCE** |
| vs. | |
| **CITY AND COUNTY OF SAN FRANCISCO, ET AL.,** | Dkt. No. 15 |
| Defendants. | |

The motion of defendants City and County of San Francisco *et al.*, to dismiss certain claims from plaintiff's First Amended Complaint is **GRANTED** on the grounds stated, with leave to amend limited as stated herein.

Plaintiffs are twelve white, male San Francisco Police Department officers and one white, female officer who allege they were passed over for promotions in favor of lower-scoring minority and female candidates in a biased promotional process employing a version of "banding."[1] (First Amended Complaint, "FAC" ¶ 1.) Plaintiffs allege seven claims against various combinations of defendants, only some of which defendants now move to dismiss for failure to state a claim

---

[1] The City's promotional policies and use of "banding" have been the subject of prior litigation by plaintiffs here and others. "The City originally used the banding method to comply with a consent decree arising from a 1973 class action, *Officers for Justice v. Civil Service Commission of the City and County of San Francisco,* C 73–0657. In that case an association of [minority] police officers sued City officials, alleging race and sex discrimination in connection with SFPD's hiring and promotion procedures. The litigation resulted in a consent decree which ended in 1998." *Hofmann v. City & Cty. of San Francisco*, 870 F.Supp.2d 799, 801 (N.D. Cal. 2012) (granting with leave to amend motion to dismiss claims against the City by white officers alleging that the City's "banding" promotional system was discriminatory); *see also Schiff v. City & Cty. of San Francisco*, 816 F. Supp. 2d 798, 819 (N.D. Cal. 2011), *aff'd,* 528 F. App'x 743 (9th Cir. 2013) (granting summary judgment in favor of the City and against plaintiff Schiff and finding that Schiff failed to offer evidence that "banding" was used as a pretext to discriminate in connection with making promotions off the 2005 Lieutenant eligible list).

pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

I. **DISCUSSION**

**A. Claims Against Defendants Breed, Farrell, Suhr, and Scott in Their Official Capacities**

Defendants argue that plaintiffs' claims against Breed, Farrell, Suhr, and Scott in their official capacities are duplicative of their claims against the City. Moreover, the "official capacity" claims brought against defendants Suhr and Farrell, the former police chief and mayor respectively, should be dismissed because as *former* City officials they no longer have "official capacity" status. Plaintiffs respond only that official capacity claims are authorized under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

Official-capacity claims pursuant to section 1983 "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 690 n.55. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008).

Here, each claim brought against Breed, Farrell, Suhr, and Scott in their official capacities is also brought against the City. Therefore, the motion to dismiss Breed, Farrell, Suhr, and Scott in their official capacities is **GRANTED WITHOUT LEAVE TO AMEND**.

**B. All Claims Against Entities Other Than the City**

In response to the motion to dismiss, plaintiffs have agreed to dismiss their claims against

---

[2] The motion does not seek dismissal of the following claims in the FAC:
- First Cause of Action under 42 U.S.C. § 1981 against defendants Scott and Suhr in their individual capacities
- Second Cause of Action under 42 U.S.C. § 1983 against defendants Scott and Suhr in their individual capacities
- Fourth Cause of Action under Title VII (42 U.S.C. § 2000(e)) against the City
- Fifth Cause of Action under California Fair Employment and Housing Act (Cal. Gov't Code § 12940) against the City

2

all entities named in the FAC other than the City and County of San Francisco.

**C. Claims Under Sections 1981 and 1983 (First and Second Causes of Action) Against Defendant City and Against Defendants Breed and Farrell in their Individual Capacities**

In response to the motion to dismiss, plaintiffs have agreed to dismiss their claims under 42 U.S.C. section 1981 and 1983 against individual defendants Breed and Farrell.

**D. Claim Under Section 1985 (Third Cause of Action) Against All Defendants**

In response to the motion to dismiss, plaintiffs agree that they must amend the complaint and request leave to do so.

**E. California Constitutional Claim under Proposition 209 (Sixth Cause of Action)**

Defendants next seek to dismiss plaintiffs' claim for violation of Article I, Section 31 of the California Constitution, sometimes referred to as "Proposition 209" due to the ballot measure that enacted it. Defendants contend Proposition 209 affords no avenue of relief to plaintiffs since it prohibits discrimination or preferential treatment in programs such as affirmative action plans which expressly consider race, sex, color, ethnicity, or national origin, but does not apply to race-neutral policies like the one at issue here. *See American Civ. Rights Found. (ACRF) v. Berkeley Unified Sch. Dist.*, 172 Cal.App.4th 207, 222 (2009) ("decision makers remain free to recognize that our society is composed of multiple races with different histories, to gather information concerning geographic distribution of the races, and to adopt race-neutral policies in an effort to achieve a fair allocation of resources"). A facial challenge to a policy must establish that "no set of circumstances exists under which the [policy] would be valid . . . [*i.e.*, that the policy would] inevitably pose a present total and fatal conflict" with the California Constitution. *Id.* at 220 (internal citations and quotations omitted). Plaintiffs concede that no reported authorities have upheld the use of Proposition 209 to attack a facially neutral policy.

Defendants are correct that plaintiffs have not alleged facts sufficient to state a facial challenge to the City's policies under Proposition 209. Likewise, plaintiffs' complaint does not allege facts establishing that the policy was applied to them in a manner that would violate Proposition 209. The motion to dismiss this claim is therefore **GRANTED WITH LEAVE TO**

3

**AMEND** to allege facts supporting an as-applied challenge pursuant to Proposition 209.

### F. Claim for Declaratory Relief

Finally, defendants seek to dismiss the Seventh Cause of Action for declaratory relief pursuant to 28 U.S.C sections 2201 and 2202. Defendants argue that the only declaration plaintiffs seek is one finding defendants' promotional practices violate their rights under section 1981, Title VII, FEHA, and Proposition 209, and therefore the Seventh Cause of Action seeks no relief independent of the preceding causes of action themselves. In opposition to the motion, plaintiffs concede the declaratory relief they seek can be obtained through their other causes of action, and that sections 2201 and 2202 do not grant them an independent cause of action but only a form of relief. In light thereof, the motion to dismiss is **GRANTED** as to the Seventh Cause of Action **WITH LEAVE TO AMEND** plaintiffs' prayer for relief as necessary.

## II. CONCLUSION

For the reasons stated above,

(1) The motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND** as to all claims against entities other than the City, against defendants Breed, Farrell, Suhr, and Scott in their official capacities, and against defendants Breed and Farrell in their individual capacities as to the claim for violation of section 1981 and 1983 (First and Second Causes of Action).

(2) The motion to dismiss is **GRANTED WITH LEAVE TO AMEND** to allege a cognizable basis for a section 1985 claim (Third Cause of Action) and an as-applied challenge under Proposition 209 (Sixth Cause of Action) to the extent these claims can be pleaded consistent with plaintiffs' obligations under Rule 11.

(3) The motion to dismiss the Seventh Cause of Action for declaratory relief is **GRANTED WITH LEAVE TO AMEND ONLY** the prayer for relief.

Plaintiffs shall file their amended complaint no later than **January 24, 2020**. No new claims or parties may be added without leave of court or stipulation of the defendants.

Defendants shall file their response within 21 days thereafter. Defendants may not raise new objections not encompassed in this motion to dismiss. *See* Fed. R. Civ. P. 12(g), (h); *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988) (generally

4

successive Rule 12 motions on different grounds not permitted); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993) (same).

The Court hereby **SETS** an initial case management conference for Monday, **March 2, 2020**, at 2:00 p.m. in Courtroom One, Federal District Courthouse, 1301 Clay Street, Oakland, California.

**IT IS SO ORDERED.**

Dated: January 8, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**